UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARAMJIT SINGH and HARMEET KAUR, individually and as husband and wife; et al.,

Plaintiffs,

v.

EDWARDS LIFESCIENCES CORPORATION, a foreign corporation doing business in Washington, et al.,

Defendants.

CASE NO. C06-1457RSM

ORDER OF REMAND

This matter is before the Court for consideration of plaintiffs' motion for remand. Dkt. # 11. Defendant Edwards Lifesciences Corporation ("Edwards") has opposed the motion. After consideration of the parties' memoranda and the record, the Court finds that remand is appropriate and, for the reasons set forth below, shall grant plaintiffs' motion.

This matter was filed in Snohomish County Superior Court on October 14, 2005. Plaintiffs, a husband and wife and their three minor children, allege that the husband and father, Mr. Singh, was injured during a medical procedure. They name as defendants Edwards, a Delaware corporation and the manufacturer of a medical device used during the procedure; Providence Health System—Washington ("Providence"); and several John Does. The complaint alleges state law causes of action only.

ORDER OF REMAND - 1

Defendant Edwards removed the action to this Court on October 10, 2006, shortly after Edwards received notice that plaintiffs had reached a settlement with defendant Providence. Defendant alleges that removal is proper because this settlement with the Washington defendant creates complete diversity between the remaining parties. Defendant further alleges that removal is timely, as the Notice of Removal was filed within thirty days of receiving notice that the action had become removable, and less than one year after the commencement of the action. 28 U.S.C. § 1446(b). Plaintiffs have timely moved for remand.

Although the parties have placed several issues before the Court regarding the possible re-alignment of the parties, and the possible joinder of the anesthesiologist, a Washington resident, as party defendant, the Court finds that a single fact is dispositive of this remand motion. That fact is that as of the date of removal, the state court had not yet approved the settlement with the minor plaintiffs, so the settlement was neither binding nor effective. Although Edwards argues that such court approval is a mere technicality, that is not so. Washington Superior Court Special Proceedings Rules (SPR) specifically require court approval of a settlement with a minor:

> **(a) Approval of Settlement Required.** In every settlement of a claim, whether or not filed in court, involving the beneficial interest of an unemancipated minor, . . . the court shall determine the adequacy of the proposed settlement on behalf of such affected person and reject or approve it. . . .

SPR98.16W. The rule further requires the appointment of a Settlement Guardian ad Litem to assist the court in determining the adequacy of the proposed settlement. SPR98.16W(c)(1). As of the date of removal, the guardian ad litem had been appointed, but not yet signed the settlement to approve it.

In Washington, court approval is mandatory to any settlement involving the beneficial interests of minors. *Wood v. Dunlop*, 83 Wash. 2d 719, 725 (1974). Until such court approval has been obtained, the settlement is neither final nor binding. Therefore, defendant Providence, a Washington resident, remained as a defendant on the date of removal, defeating diversity and rendering Edward's attempt at removal improper.

Accordingly, plaintiffs' Motion to Remand is GRANTED, and this case is hereby REMANDED to Snohomish County Superior Court, Cause No. 05-2-12213-S. The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the Snohomish County Superior Court.

ORDER OF REMAND - 2

The Court finds that plaintiffs are entitled to an award of expenses incurred in opposing the improper removal. 28 U.S.C. § 1447(c).   Plaintiff's petition for costs and fees shall be presented to the state court for approval.

DATED this 5 Day of December 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 3