UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARAMJIT SINGH and HARMEET KAUR,
individually and as husband and wife; et al.,

Plaintiffs,

v.

EDWARDS LIFESCIENCES CORPORATION,
a foreign corporation doing business in
Washington, et al.,

Defendants.

CASE NO. C06-1457RSM

ORDER DENYING MOTION FOR RECONSIDERATION

Defendants have moved for reconsideration of that portion of the Court's December 5, 2006 Order of Remand which allowed plaintiff to recover attorneys' fees. Dkt. # 23. Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct a response to this motion and, for the reasons set forth, shall deny the motion.

In the Order of Remand, the Court found that "plaintiffs are entitled to an award of expenses in opposing the improper removal", citing to 28 U.S.C. § 1447(c). Dkt. # 20, p. 3. Defendants contend that under recent Supreme Court authority, costs and fees should not be automatically awarded to a

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

plaintiff who successfully opposes removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132; 126 S. Ct. 704 (2005).  The rule of *Martin* is that a court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 126 S. Ct. 711.

While defendants have correctly cited to the law, they have incorrectly asserted that this Court's award of fees was automatic. It was not automatic, but rather was based upon a specific finding that the removal was improper.  The Court now clarifies that it found that removal was objectively unreasonable. That finding was based upon the fact that, as of the date of the removal, the state court had not yet approved the settlement upon which the removal was predicated.  Further, plaintiffs advised defendants that under Washington law the settlement with the minors was not effective until approved by the state court, and asked that they stipulate to a remand to state court so the consideration of the minor settlement could proceed.   Defendants refusal to stipulate to remand was objectively unreasonable, and led to this award of fees under § 1447(c).

Defendants also assert that the Court erred in stating that, "as of the date of removal, the guardian ad litem had been appointed, but had not yet signed the settlement to approve it." Dkt. # 23, p. 3 n. 2. Defendants contend that the "the plaintiffs admitted in their Motion to Remand that the guardian ad litem *had* signed the Agreement on behalf of the Singh's children on or before the date the case was removed." *Id.* Defendants base this assertion on the attached Declaration of David Beninger, one of plaintiffs' attorneys, in which he stated that "Our office received the signed agreement from Mr. Zielke [the guardian ad litem] on October 10, 2006 . . . , the same day Edwards removed the case to federal court." Dkt. # 24, Exhibit A.  Contrary to defendants' assertion, this statement does not "admit" that the guardian ad litem signed the settlement agreement prior to the removal; it simply states that both events occurred on the same day.  The Court's statement was based not on this declaration but on Mr. Beninger's letter to defense counsel, dated October 25, 2006, in which he asked defendants to stipulate to remand.  In that letter, Mr. Beninger stated,

> As you are aware from our cover letter attaching the settlement proposal (which I note you left off your removal pleadings), **at the time you removed the action the proposal had not even been signed by the minors' guardian**, let alone approved by the court.

Dkt. # 12, Exhibit 2 (emphasis added).  Thus, while the statement to which defendants point was

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

equivocal as to timing of the two events, this statement was not. Further, it was not the relationship between the guardian ad litem's signature and the removal that the Court found significant, but rather the fact that, as of the date of removal, the state court had not approved the minors' settlement as required under state law. In light of that law, defendants' refusal to stipulate to a remand as requested by plaintiffs, and thereby force plaintiffs to file a motion for remand, was objectively unreasonable.

The motion for reconsideration on the fee award is accordingly DENIED.

Dated this 23 day of January 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR
RECONSIDERATION - 3